DAYLE ELIESON
United States Attorney
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Daniel.Hollingsworth@usdoj.gov
Counsel for the United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | ) 2:17-CR-152-RFB |
|---|---|
| Plaintiff, | ) |
| v. | ) Stipulation for Entry of Order of Forfeiture and for Return of a Beretta PX Storm, .40 caliber semi-automatic handgun as to Shay Mourik and Order |
| RONALD HASSAN CLARK, | |
| Defendant. | ) |

The United States of America (United States) and Shay Mourik, agree as follows:

1. The government filed a Two-Count Information against Ronald Hassan Clark for violations of 18 U.S.C. § 1951(a) and 18 U.S.C. § 924(c)(1)(A)(ii). Criminal Information, ECF No. 22.

2. Ronald Hassan Clark pled guilty to Counts One and Two of a Two-Count Criminal Information and agreed to the forfeiture of property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Information. Criminal Information, ECF No. 22; Plea Agreement, ECF No. 20; Arraignment and Plea, ECF No. 24.

3. Shay Mourik knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following property: Beretta PX Storm, .40 caliber semi-automatic handgun, S/N PY27692 (property).

4. Shay Mourik knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

5. Shay Mourik knowingly and voluntarily agrees to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the property.

6. Shay Mourik knowingly and voluntarily agrees to waive his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes proceedings) of the property.

7. Shay Mourik knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

8. Shay Mourik knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorneys regarding the forfeiture and disposition of the property.

9. Shay Mourik knowingly and voluntarily agrees not to file any claim, petition, or other documents in any proceedings concerning the property.

10. Shay Mourik knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the property.

11. Shay Mourik knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceedings or any forfeiture proceedings concerning the property.

12. Shay Mourik knowingly and voluntarily agrees to waive his right to a hearing on the forfeiture of the property.

13. Shay Mourik knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States

/ / /

Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the property.

14. Shay Mourik knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

15. Shay Mourik understands that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other penalty that may be imposed in addition to forfeiture.

16. Shay Mourik knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Entry of Order of Forfeiture and for Return of property as to Shay Mourik and Order (Stipulation).

17. Shay Mourik knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, and the Federal Bureau of Investigation, their agencies, their agents, and their employees from any claim made by him or any third party arising from the facts and circumstances of this case relating to the property.

18. Shay Mourik knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, and the Federal Bureau of Investigation, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Shay Mourik now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

19. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

20. The Stipulation contains the entire agreement between the parties.

///

1  21. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

22. After the property is forfeited in the criminal case, the Final Order of Forfeiture is entered, and the United States District Court has signed the Stipulation concerning the property, within a practicable time thereafter for the United States, the United States agrees to transfer the Beretta PX Storm, .40 caliber semi-automatic handgun, S/N PY27692 to Shay Mourik.

23. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

24. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

25. Each party shall bear his or its own attorneys' fees, expenses, interest, and costs.

26. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

///
///
///
///
///

1   IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was
2   reasonable cause for the seizure and forfeiture of the property.
3   DATED: 02/01/18
4
5   *Shaym* (signature)
6   SHAY MOURIK
7
8   DATED: _____
9   DAYLE ELIESON
    United States Attorney
10
11  _____
    DANIEL D. HOLLINGSWORTH
12  Assistant United States Attorney

                                        IT IS SO ORDERED:


                                        _____
                                        UNITED STATES DISTRICT JUDGE
                                        DATED: _____

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: _____

_____
SHAY MOURIK

DATED: 3/5/18

DAYLE ELIESON
United States Attorney

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
DATED: 3/15/8

3/5/18

5

**PROOF OF SERVICE**

A copy of the foregoing was served upon counsel of record via Electronic Filing on February 9, 2018.

/s/ Mary Stolz
MARY STOLZ
FSA Paralegal