# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-0152-RFB |
| Plaintiff/Respondent | **ORDER** |
| v. | |
| RONALD HASSAN CLARK, | |
| Defendant/Petitioner | |

Before the is Defendant Petitioner's Emergency MOTION for Compassionate Release under FIRST STEP Act [ECF No. 58]. For the reasons stated on the record at the hearing on October 20, 2020 and for the reasons stated below, the Court GRANTS this motion.

### I.    BACKGROUND

On June 8, 2018, the Court sentenced Mr. Clark to 96 months of incarceration. ECF No. 38. He was sentenced to twelve months on Count One and 84 months on Count Two with Count Two running consecutive to Count One as required by law. Id. The Court further imposed three years of supervised release on Count One and four years on Count Two with those terms to run concurrent with each other. Id.

### II.    LEGAL STANDARD

Federal law permits a district court to modify a sentence under certain conditions pursuant

to 18 U.S.C. §3582(c)(1)(A). Specifically, a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative right to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. Once a motion has been filed, a court may modify a sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable" and if the court finds "extraordinary and compelling reasons warrant such a reduction." Id. at §3582(c)(1)(A)(i).

### III.     DISCUSSION

The Court incorporates by reference its findings from the hearing on October 20, 2020 into this order.

The Court finds that Mr. Clark has exhausted his administrative remedies in this case as required by Section 3582. He requested compassionate release from the BOP and was rejected for early release or release to home confinement. ECF No. 58 at 8. The government does not contest that he has exhausted his administrative remedies in this case. ECF No. 60 at 4-5.

The Court first finds that Mr. Clark has established "extraordinary and compelling reason[s]" which qualify him for compassionate release. The Court finds that Clark suffers from several chronic medical conditions which place him at elevated risk of severe complications should he contract COVID-19 at his current facility. The Court finds that Clark has credibly established through his medical records and testimony that he suffers from a.) hypertension, b.) reactive airway disease associated with a collapsed lung from years back, and c.) elevated BMI[1]. Clark must take

---

[1] Clark has a Body Mass Index ("BMI") of 26 which places him a category of increased risk for severe complications from contracting coronavirus. ECF No. 63 at 6.

medication to control his hypertension. He requires the daily use of an inhaler to be able to breath without difficulty. The Court is persuaded by the medical evidence and citations provided by Clark that these conditions collectively place him at a substantially elevated risk of complications should he be infected with coronavirus. ECF Nos. 58 at 12-14, 63 at 4-7.

The Court further finds that he lives in a communal setting such that he is susceptible to infection by asymptomatic individuals with whom he shares a communal living space. The Court notes that the facility where Clark is housed has had and continues to have individuals who contracted COVID-19. ECF No. 58 at 24.

The Court further finds upon consideration of the factors under 18 U.S.C. §3553 that it would be appropriate for him to be released and that he does not pose a danger to the community. The Court is familiar with the facts of Clark's case and incorporates by reference the sentencing record. The Court finds that Clark has demonstrated a remarkable and extraordinary record of rehabilitation while incarcerated. He has not incurred a single disciplinary infraction. He has successfully completed a rehabilitation program (the "Challenge Program") while incarcerated. He continues to live in this recovery unit and helps others with their addiction struggles. He has in fact been identified by staff at Allenwood USP, where he is incarcerated, as an individual who can mentor or counsel others. ECF NO. 58 at 28. As Clark's offense conduct in this case and for his prior convictions appeared to be driven largely by his drug addiction. His success in this rehabilitation program provides strong support, *inter alia*, for his release and the minimal risk he poses to the larger community or himself.

The Court finds that Clark has served a sufficient amount of time (44 months) on his convictions to serve as an adequate deterrent to future criminal conduct and as a sufficient punishment for his crimes.

Based upon a consideration of the entire record in this case, the Court finds that a sentence of time served would be appropriate as to the remaining count of conviction for which Clark is serving time in prison. The Court will impose the same periods of supervised release and the same conditions for those terms of supervised release. The Court further imposes a special condition of supervised release that Clark reside with his mother Linda Clark at her residence.

## IV.    CONCLUSION

For the reasons stated,

**IT IS THEREFORE ORDERED** that Defendant Petitioner's Emergency MOTION for Compassionate Release under FIRST STEP Act (ECF No. 58) is GRANTED. Mr. Clark's remaining sentence is reduced to "time served" as to Count Two of the Judgment. The Court shall enter an Amended Judgment with its new sentence in this case.

**IT IS FURTHER ORDERED** that Mr. Clark shall be released by **4:00 p.m. EST, October 21, 2020** to the custody of his mother Linda Clark.

**DATED: October 20, 2020**.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**